UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KRISTIAN WALTERS,<br><br>    Petitioner,<br> v.<br><br>PERRY RUSSELL, *et al.*,<br><br>    Respondents. | Case No. 3:21-cv-00405-MMD-WGC<br><br>ORDER |

  On September 10, 2021, this Court denied Petitioner Kristian Walters' motion to proceed *in forma pauperis* and directed him to pay the filing fee in order to proceed with his petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 3.) Walters has complied with that order and paid the required fee. (ECF No. 4.) The Court has reviewed the Petition pursuant to Habeas Rule 4, and the Petition will be filed herein and served upon Respondents.

  A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware. If the petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. § 2244(b) (successive petitions). If the petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

  In addition, Walters has filed a motion for the appointment of counsel. (ECF No. 1-2.) Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See*

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, the Court must appoint counsel if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition on file in this action is sufficiently clear in presenting the issues that Walters wishes to bring. (ECF No. 1-1.) Also, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Thus, the Court denies Walters' motion for the appointment of counsel. (ECF No. 1-2.)

The Clerk of Court is directed to file the petition for writ of habeas corpus (ECF No. 1-1) and motion for appointment of counsel (ECF No. 1-2) and electronically serve the Petition and a copy of this order on Respondents.

The Clerk of Court is further directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents with an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

It is further ordered that Respondents will have 60 days from the date of entry of this order to appear in this action, and to answer or otherwise respond to the Petition.

It is further ordered that if Respondents file an answer, Walters will have 60 days from the date on which the answer is served on him to file and serve a reply. If Respondents file a motion to dismiss, Walters will have 60 days from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and Respondents will, thereafter, have 30 days to file a reply in support of the motion.

It is further ordered that any additional state court record exhibits filed herein by either Walters or Respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further will be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits will be forwarded for this case to the staff attorneys in Reno.

It is further ordered that Walters' motion for appointment of counsel (ECF No. 1-2) is denied.

DATED THIS 30th Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE