UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KRISTIAN WALTERS,<br><br>　　　　　　Petitioner,<br>　　v.<br><br>PERRY RUSSELL, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:21-cv-00405-MMD-WGC<br><br>ORDER |

  Petitioner Kristian Walters has filed an amended petition for writ of habeas corpus in this proceeding. (ECF No. 10.) In reviewing the amended petition, the Court notes that Walters has not completed state court exhaustion with respect to three amended claims, Grounds 4, 5, and 6.[1] (*Id.* at 10, 12, 14.)

  A federal court may not grant habeas corpus relief on a claim not exhausted in state court. *See* 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo Reyes*, 504 U.S. 1, 10 (1992).

  A federal petition containing unexhausted claims is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Rather than suffer dismissal, a petitioner may request stay and abeyance. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Under *Rhines*, a

---

[1]The Court bases this finding entirely on information provided by Walters and makes no finding as to whether Walters' other claims are or are not exhausted.

district court has discretion to stay a mixed petition to allow a petitioner time to present his or her unexhausted claims to state courts. 544 U.S. at 276. This Court will not grant a *Rhines* stay, however, unless "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The burden is on Walters to demonstrate he satisfies the criteria. *See Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

It is therefore ordered that Walters will have 30 days from the date of entry of this order to file a motion for stay and abeyance. Respondents will thereafter have 30 days to file a response, and Walters will then have 20 days to file a reply.

Alternatively, Walters may, within 30 days, inform this Court in a sworn declaration that he wishes to abandon the unexhausted claims and proceed on his remaining claims.

Failure to respond to this order within the time allowed may result in the dismissal of this action.

It is further ordered that Respondents' motion for extension of time (ECF No. 9) to respond to Walters' initial petition is denied as moot. The Court's current scheduling order (ECF No. 5) is vacated and will be replaced as needed in a future order.

DATED THIS 30th Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE