UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KRISTIAN WALTERS,<br><br>    Petitioner,<br> v.<br><br>PERRY RUSSELL, *et al*.,<br><br>    Respondents. | Case No. 3:21-cv-00405-MMD-CSD<br><br>ORDER |

**I. SUMMARY**

On November 30, 2021, this Court issued an order noting that Petitioner Kristian Walters has not completed state court exhaustion with respect to three claims in his habeas petition -- Grounds 4, 5, and 6. (ECF No. 11.) Accordingly, the Court provided Walters with the choice of either (1) abandoning the unexhausted claims and proceeding on his remaining claims or (2) filing a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court. (*Id*.) In response, Walters has filed a motion for stay and abeyance. (ECF No. 13 ("Motion").) Respondents oppose the Motion. (ECF No. 16.) For the reasons stated below, the Court will deny the Motion.

**II. LEGAL STANDARD**

In *Rhines v. Weber*, the Supreme Court held that federal district courts may issue a stay-and-abeyance order "in limited circumstances" in order to permit a petitioner with unexhausted claims to return to state court to exhaust them. 544 U.S. 269, 277 (2005). Stay and abeyance is appropriate under *Rhines* when "[1] the petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3]

there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

With respect to the good cause requirement, the Supreme Court has held that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278). The Ninth Circuit has held that good cause does not require a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). On the other hand, the good cause requirement "ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

The Ninth Circuit in *Blake* articulated the standard as "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [his] failure [to exhaust a claim in state court]." *Id*. "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." *Id.*

**III.   DISCUSSION**

Walters' unexhausted claims generally allege that his trial counsel were ineffective in failing to pursue an insanity defense or recognize that his mental impairments prevented him from consulting with them and understanding the proceedings against him. He advances two reasons for why this Court should conclude that he has good cause for his failure to exhaust these claims in state court. First, he asserts that the psychiatric and mental health reports supporting his unexhausted claims were not reasonably available to him when he filed his state habeas petition

Respondents counter that Walters has not attached a copy of any of these records to his petition, his mental health and substance abuse issues were documented and discussed in detail at his sentencing, and he could have obtained any additional

documents at any point. According to his petition, Walters was assisted by counsel in his state habeas proceeding. (ECF No. 10 at 2.) In replying to Respondents' opposition, Walters cites to numerous failures on the part of trial counsel, but makes no mention of his post-conviction counsel. (ECF No. 21.) Because he has not explained why he or his post-conviction counsel was unable to obtain the records prior to filing his state habeas petition, his bald assertion that the necessary records were not available is insufficient to establish good cause for failure to exhaust.

Walters' second proffered reason for this Court to find good cause is that he has made a colorable claim that he is actually innocent of the crimes for which he was convicted. In particular, he claims that he was legally insane at the time of the alleged crimes.

In Nevada, "[t]o qualify as being legally insane, a defendant must be in a delusional state such that he cannot know or understand the nature and capacity of his act, or his delusion must be such that he cannot appreciate the wrongfulness of his act, that is, that the act is not authorized by law." *Finger v. State*, 27 P.3d 66, 84-85 (Nev. 2001). The standard is "very narrow" and "few people will qualify as legally insane." *Id*. at 85. As Respondents note, the state court record contains an account of Walters' criminal activity that belies any suggestion that he was in a delusional state, unable to understand the nature of his acts, or appreciate their wrongfulness. (ECF Nos. 16 at 5, 18-6 at 52-53.) Walters offers no response to this point. Thus, his second justification for this Court to find good cause also fails.

Because Walters is unable to meet the *Rhines* standard, he is not entitled to stay and abeyance. He has provided a declaration asking the Court to delete his unexhausted claims if it denies his Motion. (ECF No. 13 at 10.) The Court will grant that request.

///

///

## IV. CONCLUSION

It is therefore ordered that Walters' motion for stay and abeyance (ECF No. 13) is denied. Grounds 4, 5, and 6 are dismissed from his habeas petition (ECF No. 6).

It is further ordered that Respondents have 60 days from the date of entry of this order to file an answer to the remaining Grounds for relief in the petition. Walters will have 60 days from the date on which the answer is served on him to file and serve a reply.

It is further ordered that the motions for extension of time (ECF Nos. 14, 20) are granted *nunc pro tunc* as of their respective filing dates.

DATED THIS 11th Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE