UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KRISTIAN WALTERS,<br><br>　　　　　　　　Petitioner,<br>　　v.<br><br>PERRY RUSSELL, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:21-cv-00405-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

In this habeas corpus action brought by Nevada prisoner Kristian Walters, Respondents have filed a motion to dismiss arguing that Walters' amended petition (ECF No. 10) contains unexhausted grounds for relief. (ECF No. 25 ("Motion").) Walters did not file a response to the Motion, but the Court's review of the state court record reveals that Respondents' arguments are without merit. Thus, the Motion is denied.

**II.　BACKGROUND**

At a hearing in Nevada's Second Judicial District Court (Washoe County) in November 2017, Walters entered guilty pleas to the following crimes: (1) obtaining and using the personal identifying information of another, (2) burglary, and (3) obtaining money, property, rent or labor by false pretenses. (ECF No. 17-50.) At the same hearing, the state district court also revoked Walter's probation on a prior burglary conviction. (*Id*.) The state district court entered judgments of conviction in February 2018, sentencing Walters to four consecutive terms totaling 148 to 432 months. (ECF Nos. 17-19, 18-7.)

1 | Walters filed a notice of appeal, but subsequently withdrew it. (ECF Nos. 18-8, 18-30.) In September 2018, he filed a petition for writ of habeas corpus in the state district court addressing all four cases. (ECF No. 18-35.) The court dismissed some of his claims in an order entered in October 2019 (ECF No. 18-50) and, after an evidentiary hearing on his remaining claims (ECF Nos. 19-2, 19-4), denied his petition in an order entered in May 2020 (ECF No. 19-5).

Walters appealed the denial of his petition. (ECF No. 19-9.) The Nevada Court of Appeals affirmed the lower court's decision in an order issued in May 2021. (ECF No. 19-28.)

Walter initiated this federal habeas corpus action on September 8, 2021. (ECF No. 6 at 1.) After this Court entered a scheduling order (ECF No. 5), Walters filed an amended petition. (ECF No. 10.)  Noting that Walters conceded that his amended petition contained unexhausted claims, the Court gave him the choice of either abandoning the unexhausted claims or filing a motion for stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 11.)

Walters filed a motion for stay and abeyance (ECF No. 13), but the Court determined that he did not meet the *Rhines* standard (ECF No 22). Consequently, the Court dismissed Grounds 4, 5, and 6 of the amended petition at Walters' request and directed Respondents to file an answer to the remaining claims. (*Id.*) On June 24, 2022, Respondents filed the motion to dismiss now before the Court. (ECF No. 25.)

**III.    DISCUSSION**

Respondents argue that the remaining grounds in Walters' amended petition—Grounds 1, 2, and 3—are partially or wholly unexhausted. All three grounds allege that Walters' convictions and sentence are unconstitutional due to ineffective assistance of counsel.

A state prisoner first must exhaust state court remedies for all claims presented in his federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509,

520 (1982). The exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. See *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)) ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims"). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. See *O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

**A.  Ground 1**

In Ground 1, Walters alleges that he was provided ineffective assistance of counsel because the two attorneys representing him in his four cases failed to consult with him and each other about the "possibility of a global resolution to the multiple charges he was facing." (ECF No. 10 at 3.) Respondents argue that the claim is unexhausted because Walters' claim on appeal in his state post-conviction proceeding was that counsel were ineffective only for failing to consult with *each other* and made no reference to failing to consult with *him*.

New facts presented with a habeas claim in federal court that fundamentally alter the legal claim considered by the state court can render the claim unexhausted. See *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). Respondents' argument, however, is not

persuasive. Walters' claim in state court did include allegations that counsel were ineffective in not consulting with him about a global resolution of the charges against him. (ECF Nos. 19-5 at 3-4,19-16 at 27.) Ground 1 is exhausted.

**B.  Ground 2**

In Ground 2, Walters alleges that he was provided ineffective assistance of counsel because counsel failed to advise or consult with him about a beneficial plea offer that he would have accepted. (ECF No. 10 at 5.) Here again, Respondents argue that Walters has fundamentally altered the claim presented to the state court by including facts that were not presented to the Nevada Court of Appeals. In particular, Respondents claim that Walters is making new factual allegations regarding when the plea offer was relayed to his trial counsel, how he became aware of it, and his conversation with counsel about it being withdrawn.

Walters' state habeas petition and supplemental petition contain essentially the same factual allegations that Walters is now making in this Court with respect to the circumstances surrounding the alleged plea offer. (ECF Nos. 18-29 at 14, 18-35 at 10.) While specific details may not have been included in Walters' briefs on appeal, his state district court pleadings were presumably part of the record before the Nevada Court of Appeals. This Court concludes that the Nevada Court of Appeals was presented with the operative facts supporting the claim Walters presents as Ground 2 in this Court. Ground 2 is exhausted.

**C.  Ground 3**

In Ground 3, Walters alleges that he was provided ineffective assistance of counsel because counsel "failed to present significant mitigating evidence that would have resulted in a lesser sentence." (ECF No. 10 at 7.) Respondents argue that Ground 3 differs from the claim he presented in state court in three respects.

First, Respondents note that Ground 3 faults counsel for not recommending or allowing two doctors, Dr. Lawrence and Dr. Jenkins, to testify about Walters' mental

health and substance abuse problems but Walters' brief on appeal made no mention of this in arguing counsel should have presented mitigation evidence. They further note that the Nevada Court of Appeals found that "counsel provided a substance abuse evaluation and a psychological evaluation in mitigation at sentencing" (ECF No. 19-28 at 6) but did not have before it a claim that counsel should have had the doctors testify on Walters' behalf.

Respondents fail to observe, however, that Walters' state habeas petition and supplemental petition both refer to counsel's failure to present the testimony of Dr. Lawrence and Dr. Jenkins. (ECF Nos. 18-35 at 9, 18-29 at 15-16.) In addition, the allegation was brought up as an issue during counsel's and Walters' testimony at the evidentiary hearing on Walters' state petition. (ECF No. 19-2 at 88, 120-23.) So, the Nevada Court of Appeals did have the allegation before it as part of the record on appeal.

Second, Respondents point to an allegation in Ground 3 that counsel should have presented the testimony of law enforcement officers that Walters cooperated with. They contend this is different from Walters' claim in state court that counsel should have provided information about Walters cooperating with law enforcement. Be that as it may, the marginal difference is not sufficient to render the claim unexhausted. *See Vasquez*, 474 U.S. at 260.

Third, Respondents cite to Walters' allegation in Ground 3 that trial counsel was ineffective for failing to "advise Petitioner's family that their private statements would cause harm if brought up in his court proceedings." (ECF No. 25 at 8.) They argue that it is the first time Walters has made such a claim, but they are mistaken. His supplemental petition goes into detail about counsel's failure to advise family members about providing harmful testimony. (ECF No. 18-39 at 15.) Thus, Walters fairly presented the claim to the state court.

Ground 3 is exhausted.

The Court concludes that, with Grounds 4, 5, and 6 dismissed, all the remaining claims in Walters' amended petition have been exhausted in state court.

**IV.    CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 25) is denied.

It is further ordered that Respondents have 60 days from the date of entry of this order to file an answer to the remaining grounds for relief in the petition. Walters will have 60 days from the date on which the answer is served on him to file and serve a reply.

It is further ordered that Respondents' motion for extension of time (ECF No. 24) is granted *nunc pro tunc* as of June 10, 2022.

DATED THIS 31st Day of October 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE